**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Family Home Insurance Company, | No. CV-25-02832-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Beralt LLC, | |
| Defendant. | |

Plaintiff American Family Home Insurance Company ("American") initiated this action on August 6, 2025, and served the Complaint upon Defendant Beralt LLC ("Beralt") on September 4, 2025, (Doc. 10). Beralt did not respond to the Complaint. Pursuant to Federal Rules of Civil Procedure 55(a), on October 9, 2025, the Clerk's Office entered default against Beralt, (Doc. 14). American filed a motion for default judgment as to Beralt on October 13, 2025. (Doc. 15.) Beralt has not filed a response to Plaintiff's Motion and the time to do so has passed. For the reasons set forth below, default judgment is not appropriate, and the motion will be **denied** without prejudice.

**I.    BACKGROUND**

This case is about either a 1962 Chevrolet Corvette or a tractor. The Complaint alleges that on September 17, 2023, Beralt, "a licensed motor carrier engaged in . . . carriage of cargo for hire," picked up a 1962 Chevrolet Corvette in Wichita Falls, Texas for delivery to Jacques Gagner in Phoenix, Arizona. (Doc. 1 at ¶ 6.) The next day, "Gagner discovered significant damage" to the corvette. (*Id.* at ¶ 9.) The Complaint also

alleges that Beralt transported a "tractor from Wichita Falls, Texas to Phoenix, Arizona," and that it was Beralt's duty "to ensure that the farm tractor did not sustain any damage during transport." (*Id.* at ¶¶ 14–15.) Although the Complaint references attached exhibits, including shipping documents that might confirm whether Beralt transported a corvette and/or a tractor, no exhibits were attached to the Complaint. (*Id.* at ¶¶ 6, 9.)

American's motion for default judgment does not clarify the issue, referring only to the damaged "cargo" and "property." (*See* Doc. 15.) However, in conjunction with its application for entry of default, (Doc. 12), American filed an affidavit and attached receipts detailing work performed on a burgundy 1962 Chevrolet Corvette, (Doc. 13-2). The Court thus assumes that the property at issue is a corvette, not a tractor.

The Complaint alleges that the corvette was damaged during its transport to Phoenix, but it does not provide any facts about the condition of the corvette when Beralt received it in Texas. (Doc. 1 at ¶ 16.) Ultimately, Gagner spent $32,221.07 to repair the damaged corvette, and he submitted a claim for the same to American. (*Id.* at ¶ 18.) American paid the claim, less a $2,500 deductible. (*See id.* at ¶ 11.)

On August 6, 2025, American, as Gagner's subrogee, filed this action bringing three claims against Beralt: (1) violation of the Carmack Amendment, (2) breach of bailment obligations, and (3) negligence. (*Id.* at 3–5.) Beralt was served but failed to answer. (Doc. 10.) American now seeks default judgment in the amount of $32,221.07. (Doc. 15 at 1.)

II.   **LEGAL STANDARD**

The Court may enter default judgment pursuant to Rule 55(b) upon the entry of default by the Clerk of Court. Before assessing the merits of a default judgment, district courts must confirm that they have jurisdiction over the case and the parties. *Capitol Specialty Ins. Co. v. Chaldean LLC*, 2022 WL 2953062, at *1 n.1 (D. Ariz. 2022). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1098 (9th Cir. 1980)). Before granting default judgment, courts must consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the Complaint, (4) the amount of money at stake,

(5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III.   DISCUSSION

American's motion for default judgment is two pages long, has no argument, legal analysis, or citation to legal authority. (*See generally*, Doc. 15.) American does not address the Court's jurisdiction or any of the *Eitel* factors. It makes no argument as to the sufficiency of the Complaint's allegations, which, given the Complaint's potential errors and omissions regarding the nature of the cargo, is concerning. Nor does American argue that its claims are meritorious or its damages proportional to the harm caused. American does not identify the law governing its Carmack Amendment, breach of bailment, and negligence claims, or make any attempt to argue that the Court should grant relief despite the "general rule that default judgments are ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472; *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016).

In sum, American's motion is deficient and falls far short of meeting its "burden of demonstrating . . . that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Szabo v. Southwest Endocrinology Ass. PLLC*, 2021 WL 3411084, at *2 (D. Ariz. 2021) (denying default judgment because plaintiff "made no effort" to meet its burden); *see also Scribner v. Pollack & Rosen, P.A.*, 2025 WL 3633545, at *3–4 (E.D. Cal. 2025) (denying default judgment when the plaintiff "provide[d] no legal analysis, no argument, and no legal authority in the motion" and collecting similar cases). The motion also violates the Local Rules, which require that every motion "set[] forth the points and authorities relied upon in support of the motion." LRCiv 7.2(b).

Accordingly,

///

///

1 **IT IS ORDERED** that American's motion for default judgment, (Doc. 15) is denied
2 without prejudice.
3 Dated this 30th day of January, 2026.

_____
Honorable Sharad H. Desai
United States District Judge