WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Family Home Insurance Company, | No. CV-25-02832-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Beralt LLC, | |
| Defendant. | |

Plaintiff American Family Home Insurance Company ("American") filed this case on August 6, 2025, and served the Amended Complaint upon Defendant Beralt LLC ("Beralt") on September 4, 2025. (Docs. 1, 10.)  Beralt did not respond to the Amended Complaint.  On October 9, 2025, the Clerk's Office entered default against Beralt.  (Doc. 14).  American filed a motion for default judgment on October 13, 2025, (Doc. 15), which I denied without prejudice on January 30, 2026, (Doc. 16).  American then filed a renewed motion for default judgment on March 6, 2026.  (Doc. 19.)  Beralt has not responded, and the time to do so has passed.  For the reasons stated below, the renewed motion will be **granted.**

I.    **BACKGROUND**

On September 15, 2023, Beralt, a licensed motor carrier, picked up a 1962 Chevrolet Corvette from Wichita Falls, Texas, for delivery to American's insured, Jacques Gagner, in Phoenix, Arizona.  (Doc. 7 at ¶¶ 6–8; Doc. 7-1.)  The Bill of Lading, which is attached to the Amended Complaint, reflects that the Corvette was given to Beralt in good condition apart from some cosmetic scratches.  (Doc. 7-1.)  On September 18, upon delivery in

Arizona, "Gagner discovered significant damage" to the Corvette.  (Doc. 7 at ¶ 8.)

Gagner submitted a claim to American for the damage, who "timely served Beralt LLC, through its insurance carrier, Progressive, with written notice of its claim."  (*Id.* at ¶ 9; Doc. 7-2.)  Neither Beralt nor Progressive paid American its claimed damages, which amount to $32,221.07, inclusive of Gagner's $2,500 deductible.  (Doc. 7 at ¶¶ 10–11.)

With its renewed motion for default judgment, American asserts that it paid Gagner $29,271.07 through three indemnity payments made on November 1, 2023, November 27, 2023, and February 15, 2024.  (Docs. 20-1, 20-2, 20-3.)  As evidence of these payments, American submits the payment records, (*id.*), as well as two repair estimates from USA Collision Inc., totaling $31,577.77, (Docs. 20-4, 20-5).

As Gagner's subrogee, American filed this action bringing three claims against Beralt: (1) violation of the Carmack Amendment, 49 U.S.C. § 14706; (2) breach of bailment obligations; and (3) negligence.  (Doc. 7 at 3–5.)  Beralt was served through its registered agent in St. Petersburg, Florida but failed to answer.  (Doc. 10.)  American now seeks default judgment in the amount of $29,271.07, together with prejudgment interest, post-judgment interest, and $480 in costs.  (Doc. 19 at 17; Doc. 19-1 at 2.)

## II.     LEGAL STANDARD

District courts may enter default judgment pursuant to Federal Rule of Civil Procedure 55(b) upon the entry of default by the Clerk of Court.  Before assessing the merits of a default judgment, district courts must confirm that they have jurisdiction over the case and the parties.  *Capitol Specialty Ins. Co. v. Chaldean LLC*, 2022 WL 2953062, at *1 n.1 (D. Ariz. July 26, 2022).  "The district court's decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Before granting default judgment, courts must consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III.    DISCUSSION

### A.    Jurisdiction

American's Carmack Amendment claim arises under federal law, so I have jurisdiction under 28 U.S.C. § 1331.  I also have jurisdiction under 28 U.S.C. § 1337(a), which grants district courts original jurisdiction over Carmack Amendment claims where the amount in controversy "exceeds $10,000, exclusive of interest and costs."  28 U.S.C. § 1337(a).  The amount in controversy here exceeds $10,000. Because I have original jurisdiction over the Carmack Amendment claim, I will exercise supplemental jurisdiction over the state-law claims.  *See* 28 U.S.C. § 1367(a).

I also have personal jurisdiction over Beralt.  Beralt purposefully directed its activities to Arizona when it elected to deliver the Corvette to Phoenix, and American's claims arise directly from those forum-related activities—that is, Beralt's transfer and delivery of the Corvette to Phoenix.  Exercising jurisdiction is therefore reasonable.  *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (specific personal jurisdiction requires (1) that the defendant "purposefully direct [its] activities" to the forum state; (2) that the claim "arises out of . . . the defendant's forum related activities"; and (3) that the exercise of jurisdiction is reasonable).  Beralt was also properly served through its registered agent on September 4, 2025, (Doc. 10), and has not appeared to contest service.

### B.    Possibility of Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of default judgment. Beralt failed to respond to the Amended Complaint or otherwise appear in this action despite being properly served. If American's motion is not granted, it will likely be without other recourse.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  This prejudice to American supports the entry of default judgment.

### C.    Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment.[1]    The Carmack

---

[1]    I previously flagged stray references to a "tractor" rather than a Corvette, as a source of confusion regarding the nature of the cargo and questioned the adequacy of the complaint.  (Doc. 16 at 2.)  American's renewed motion has adequately addressed the

- 3 -

Amendment imposes liability on carriers for "actual loss or injury to the property caused by" them. 49 U.S.C. § 14706(a)(1).  To establish a violation of the Carmack Amendment, plaintiffs must allege "delivery in good condition, arrival in damaged condition, and the amount of damages."  *Mo. Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964).

American sufficiently alleges the elements of a Carmack Amendment claim, namely, that (1) the Corvette was picked up by Beralt in good condition, with only cosmetic scratches reflected on the pickup inspection, (2) the Corvette was delivered to Gagner with significant damage, and (3) the amount of damages was $29,271.07.  American's Carmack Amendment claim is thus meritorious and sufficient.  Because the Carmack Amendment claim independently supports the full relief requested, I do not reach the merits of American's bailment and negligence claims.

### D.    Amount of Money at Stake

The fourth *Eitel* factor weighs "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct."  *PepsiCo*, 238 F. Supp. 2d at 1176.  "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."  *Norris v. Shenzhen IVPS Tech. Co. Ltd.*, 2023 WL 3465203, at *8 (D. Ariz. May 15, 2023) (quotation marks omitted).

American seeks $29,271.07—the amount it paid Gagner by way of three indemnity checks to compensate him for the repairs made to the Corvette.  The amount sought is proportionate to the harm caused, and this factor favors default judgment.

### E.    Possible Dispute Concerning Material Facts, Excusable Neglect, and Policy Favoring a Decision on the Merits

As Beralt has not participated in this litigation, there is no dispute of material fact, and the fifth *Eitel* factor favors default judgment.  Service of the Summons and Amended Complaint was proper on Beralt, (Doc. 10), and there is no indication that Beralt's failure to answer is due to excusable neglect.  The sixth *Eitel* factor therefore favors default judgment.  The final factor typically disfavors default judgment given that cases "should

---

concerns identified in the prior order.

be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. I am not, however, precluded by this factor from entering default judgment against Beralt. *See PepsiCo*, 238 F. Supp. 2d at 1177. Further, I accept as true the well-pled factual allegations in the Complaint upon default. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Taken together, the fifth, sixth, and seventh factors weigh in favor of default judgment.

### F.    Damages

"A Plaintiff seeking default judgment must prove all damages sought in the complaint." *Hiles v. Progressive Relocation Sys. Inc.*, 2021 WL 3046902, at *3 (D. Ariz. July 20, 2021), *report and recommendation adopted*, 2021 WL 3419036 (D. Ariz. Aug. 5, 2021) (cleaned up). Under the Carmack Amendment, American may recover "the actual loss or injury to the property" caused by the carrier. 49 U.S.C. § 14706(a).

The cost of repair of the Corvette is an appropriate estimate of actual loss under the Carmack Amendment. The record reflects that American issued three indemnity checks to Gagner totaling $29,271.07. (Docs. 20-1, 20-2, 20-3.) These amounts are supported by the initial repair estimate of $4,999.29 and the preliminary supplement of $26,578.48, totaling $31,577.77, from USA Collision Inc. (Doc. 20-4; Doc. 20-5.) American has met its burden to substantiate its damages request.

Post-judgment interest will be awarded under 28 U.S.C. § 1961. As for prejudgment interest, "[t]he Carmack Amendment does not explicitly provide for the award of prejudgment interest." *Hiles*, 2021 WL 3046902, at *4 (quotation marks omitted). Nonetheless, district courts have discretion to award prejudgment interest when it is "necessary to make wronged parties whole." *Id.* (citing *Purcell v. United States*, 1 F.3d 932, 942–43 (9th Cir. 1993)). I exercise that discretion here. *See, e.g.*, *id.* (finding that an award of pre-judgment interest on a Carmack Amendment claim is fair); *Ready Transp., Inc. v. CRST Malone, Inc.*, 2009 WL 10669257, at *12 (C.D. Cal. Jan. 13, 2009) ("[A]n award of pre-judgment interest as part of the full actual loss is proper under the Carmack Amendment" (quotation marks omitted)). I will award prejudgment interest at the rate set

by 28 U.S.C. § 1961 from August 6, 2025—the date this action was filed—through the date judgment is entered. *See Ready Transp.*, 2009 WL 10669257, at \*14 (holding that the appropriate rate of pre-judgement interest for a Carmack Amendment claim is the federal rate established under 28 U.S.C. § 1961).

Finally, American requests costs be awarded in the amount of $480 and provides a receipt of the civil filing fee and the process server invoice to support this amount. (Docs. 20-9, 20-10.)  Under Local Rule 54.1, Clerk's fees and service fees are taxable costs, appropriately awarded to the prevailing party.  LRCiv 54.1(d)–(e).  I will therefore award American its requested costs.

## IV.    CONCLUSION

In sum, the *Eitel* factors favor default judgment, and I find that default judgment is appropriate.

Accordingly,

**IT IS ORDERED** granting American's Renewed Motion for Default Judgment, (Doc. 19).

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Plaintiff American Family Home Insurance Company and against Defendant Beralt LLC, in the amount of $29,271.07.

**IT IS FURTHER ORDERED** that Plaintiff is awarded prejudgment interest at the rate prescribed by 28 U.S.C. § 1961, accruing from August 6, 2025 through the date of entry of judgment.

**IT IS FURTHER ORDERED** that Plaintiff is awarded post-judgment interest at the rate prescribed by 28 U.S.C. § 1961, accruing from the date of entry of judgment until paid.

**IT IS FURTHER ORDERED** that Plaintiff is awarded costs in the amount of $480.00.

///

///

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 26th day of June, 2026.

Honorable Sharad H. Desai
United States District Judge

cc: Finance